# Illinois Official Reports

## Appellate Court

*McCleary v. Wells Fargo Securities, L.L.C.*, 2015 IL App (1st) 141287

| | |
|---|---|
| Appellate Court Caption | THOMAS S. McCLEARY, Plaintiff-Appellant, v. WELLS FARGO SECURITIES, L.L.C., Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-14-1287 |
| Filed | March 17, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-L-9097; the Hon. Sanjay T. Tailor, Judge, presiding. |
| Judgment | Reversed; cause remanded. |
| Counsel on Appeal | DeGrand & Wolfe, P.C., of Chicago (Thomas S. McCleary, of counsel), for appellant.<br><br>DLA Piper LLP, of Chicago (Rachel B. Cowen, of counsel), for appellee. |
| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion.<br>Presiding Justice Simon and Justice Neville concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Thomas McCleary, appeals the dismissal of his amended complaint under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2012)). McCleary's amended complaint alleged claims for breach of contract, violation of the Illinois Wage Payment and Collection Act (Act) (820 ILCS 115/2 (West 2012)) and unjust enrichment. We find plaintiff's amended complaint pled sufficient facts that, if proven, would entitle him to relief. Therefore, we reverse the judgment of the circuit court and remand the cause for further proceedings.

¶ 2                                    BACKGROUND

¶ 3    Plaintiff's complaint against his former employer, defendant Wells Fargo Securities, L.L.C., seeks payment of an earned bonus he reasonably expected that defendant awarded to similarly situated employees. Defendant moved to dismiss the complaint pursuant to section 2-615 of the Code arguing that, pursuant to its bonus plan, it had full discretion to deny plaintiff a bonus and that plaintiff had not pursued all internal procedures to dispute defendant's decision. The circuit court allowed the parties to conduct limited discovery related to the motion to dismiss. Thereafter, with leave of court, plaintiff filed an amended complaint. We restate the following factual allegations that are relevant to the issues on appeal.

¶ 4    In October 2010 plaintiff was hired by defendant as a director of sales. As part of his compensation, he was eligible to participate in the "Wells Fargo Securities Group Bonus Plan" (Plan). In July 2012,[1] his job was eliminated for reasons unrelated to his performance. There is no dispute that his termination did not affect his eligibility under the Plan.

¶ 5    The Plan's stated purpose was to, *inter alia*, "attract, retain, motivate and reward eligible team members ('Participants') for their successful efforts and significant contributions" to the achievement of defendant's annual financial goals and to ensure that participants comply with "all rules, laws, regulations and procedures" applicable to their job and "strive[ ] to appropriately reward [p]articipants for their achievements." Other than Plan participants, "[n]o other individual shall have rights to incentive compensation under this Plan." In order to qualify for a bonus under the Plan, certain factors existed and participants had to satisfy stated job-related factors. These factors included: achievement of corporate and practice group financial goals, a participant's performance ratings, compliance with the terms of the Plan, and execution of a trade secret agreement. The Plan was effective through December 31, 2012 and the participant was required to be employed on the date of the bonus payment, unless the participant's employment was terminated in a qualifying event. A participant "whose employment was terminated prior to the end of the Performance Period, due to a qualifying event *** may be considered for a pro-rated award" if the participant "(1) performed services in an eligible position for at least three calendar months during the Performance Period and (2) met some [or] all of his/her performance objectives." The Plan further provided that the notice period in the "Salary Continuation Pay Plan" would be included in determining whether services were performed "for at least three calendar months during the [p]erformance [p]eriod." Incentive goals and incentive opportunity would "generally be pro-rated."

---

[1]The parties agree that although his job was actually eliminated in May 2012, the termination was not effective until July 2012.

¶ 6        Once the plan administrator was authorized by corporate management to create a bonus pool, "annual awards under the Plan [were] made in the sole and absolute discretion of the Plan Administrator." Those awards could be "adjusted or denied for any reason," including the failure to meet performance goals and adhere to company policy. Further, "[t]here [was] no guarantee that a bonus of any amount will be awarded to any [p]articipant." The administrator "ha[d] full discretionary authority to administer and interpret the plan." The Plan included specific criteria for the creation of a bonus pool for each work group and delineated a formula for determining which employees qualified for a bonus. Participants wishing to dispute their award were directed to attempt to resolve the dispute with their unit manager. If the dispute was not resolved, then the participant could request review by the plan administrator.

¶ 7        Although the Plan could be amended, suspended or terminated at any time, no such change "shall adversely affect a [p]articipant's earned award under the Plan prior to the effective date of the amendment, suspension or termination, unless otherwise agreed to by the [p]articipant." Any amendment that materially altered the terms of the Plan "shall be announced on or before the effective date of the change." The Plan provided that "it is not an employment contract" and "[n]o rights in the Plan may be claimed by any person whether or not she/he is selected to participate in the Plan." Lastly, the Plan provided that if "a court of competent jurisdiction determine[d] that a Plan provision is illegal or void, the remaining provisions shall be legally enforceable."

¶ 8        At the time of his termination, plaintiff was informed by an agent of defendant that his termination did not disqualify him from participation in the Plan and, if a 2012 bonus pool was created, he would be included. Prior to his termination, plaintiff's performance met or exceeded the legitimate expectations for his position and he met the necessary standards set forth in the plan to qualify for a 2012 bonus. A bonus pool was created and other similarly situated employees were paid performance bonuses for the 2012 calendar year. Plaintiff, who no longer worked for defendant at the time of the bonus awards, was not awarded a performance bonus under the Plan.

¶ 9        Plaintiff requested an internal company review of defendant's decision. In response, defendant informed plaintiff that although plaintiff was eligible under the Plan, in deciding whether to award a bonus, defendant retained "absolute discretion" to determine a bonus award based on a "number of factors" and ultimately determined that plaintiff would not receive a 2012 bonus payment. Despite several requests by plaintiff and his counsel, defendant did not identify the factors that influenced its decision. The Plan did not include any internal procedure for disputing defendant's decision, so plaintiff filed this suit to collect payment under the Plan. Subsequent to filing the instant action, defendant explained in sworn testimony that it did not award plaintiff a bonus because, after his termination, defendant decided that "any employee in the Markets Division displaced prior to May 31, 2012 would not be paid any bonus because such employees had not contributed sufficiently to the overall bonus pool as a result of working less than half of the year."

¶ 10        Plaintiff alleged that the Plan provided that it was "legally enforceable" and the failure to include him in the bonus pool and pay him a prorated bonus for the 2012 performance year was a breach of the parties' agreement, including "the prohibition on unannounced and retroactive amendments" as well as the obligation of good faith and fair dealing. Plaintiff also alleged that defendant's failure to pay the bonus violated the Act (820 ILCS 115/2 (West 2010)) and also constituted unjust enrichment for wrongful retention of his bonus compensation.

¶ 11    In response to the amended complaint, defendant filed a section 2-615 motion to dismiss. Defendant argued that plaintiff's claims fail because they all rest on the premise that plaintiff has a legal right to a bonus under the Plan. The Plan made it clear that the bonus would be awarded in the sole and absolute discretion of the plan administrator and, therefore, any claim based on plaintiff's allegations was "foreclosed as a matter of law."

¶ 12    Plaintiff responded arguing that defendant's motion ignores the well-pled facts alleged in the complaint that: plaintiff was a Plan participant; his employment was terminated by a qualifying event; he worked for at least three months in the 2012 calendar year; according to its terms the Plan was "legally enforceable" and prohibits retroactive amendments; a 2012 bonus pool was created; and 2012 bonuses were paid to similarly situated employees, however plaintiff was denied a bonus because the Plan was amended after his termination to require six months' employment with the firm and this evidences bad faith in defendant's decision to deny plaintiff a bonus. Plaintiff also argued that he sufficiently alleged a right to a bonus that can be determined based on information uniquely within the possession of defendant regarding the number of participants, experience and other factors.

¶ 13    On April 15, 2014, after hearing, the circuit court granted defendant's motion to dismiss with prejudice. The circuit court found that the language of the Plan gave defendant the "absolute discretion to determine whether a bonus should be awarded and, if so, the amount, ultimately undermines the claim here on all counts." This timely appeal followed.

¶ 14                                        ANALYSIS

¶ 15    A section 2-615 motion to dismiss tests "the legal sufficiency of a complaint based on defects apparent on its face." *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). When the legal sufficiency of a complaint is challenged, we take all well-pled facts as true, draw all reasonable inferences from those facts in favor of the plaintiff and determine whether the allegations, construed in a light most favorable to plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003) (citing *Lykowski v. Bergman*, 299 Ill. App. 3d 157, 162 (1998)). A complaint "will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover." *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 345 (2000). Our review of the circuit court's dismissal of a complaint pursuant to section 2-615 is *de novo*. *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 54 (2011).

¶ 16    The crux of defendant's motion to dismiss is that any claim based on plaintiff's alleged right to a bonus under the Plan is "foreclosed as a matter of law." Defendant sought dismissal of plaintiff's claims on the grounds that: (1) defendant had the full discretion to deny plaintiff a bonus and, thus, plaintiff can never seek a legal remedy for an abuse of that discretion; (2) plaintiff had no reasonable expectation to receive a bonus and, therefore, cannot plead any set of facts to support his claim to the entitlement of a bonus; and (3) plaintiff's claims fail because they do not contain a specific monetary amount owed to plaintiff under the Plan.

¶ 17    Plaintiff's claims for breach of contract, violation of the Act and unjust enrichment all rest on his alleged eligibility to participate in the 2012 bonus pool and his reasonable expectation and entitlement to receive the 2012 prorated bonus. The circuit court dismissed plaintiff's amended complaint in its entirety on the basis that plaintiff could not plead any entitlement to the bonus because, according to the Plan, such distributions are discretionary.

¶ 18    Plaintiff argues the circuit court erred because: (1) defendant's discretion is restrained by the covenant of good faith and fair dealing and the amended complaint sufficiently alleged that defendant violated the covenant; and (2) plaintiff sufficiently pled that he had a reasonable expectation to be considered for a bonus and to receive a bonus.

¶ 19    In order to state a cause of action for breach of contract, a plaintiff must plead: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) a breach of the subject contract by the defendant; and (4) that the defendant's breach resulted in damages. *Unterschuetz v. City of Chicago*, 346 Ill. App. 3d 65, 69 (2004). Every contract contains an implied covenant of good faith and fair dealing. *Northern Trust Co. v. VIII South Michigan Associates*, 276 Ill. App. 3d 355, 367 (1995). The purpose of this duty "is to ensure that parties do not take advantage of each other in a way that could not have been contemplated at the time the contract was drafted or do anything that will destroy the other party's right to receive the benefit of the contract." *RBS Citizens, National Ass'n v. RTG-Oak Lawn, LLC*, 407 Ill. App. 3d 183, 191 (2011). Disputes involving the exercise of good faith arise when one party is given broad discretion in performing its obligations under the contract. *The Reserve at Woodstock, LLC v. City of Woodstock*, 2011 IL App (2d) 100676, ¶ 42. "In order to plead a breach of the covenant of good faith and fair dealing, a plaintiff must plead existence of contractual discretion." *Mid-West Energy Consultants, Inc. v. Covenant Home, Inc.*, 352 Ill. App. 3d 160, 165 (2004). "Where a contract specifically vests one of the parties with broad discretion in performing a term of the contract, the covenant of good faith and fair dealing requires that the discretion be exercised 'reasonably and with proper motive, not arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties.' " *Id.* (quoting *Resolution Trust Corp. v. Holtzman*, 248 Ill. App. 3d 105, 112 (1993)); *Carrico v. Delp*, 141 Ill. App. 3d 684, 690 (1986).

¶ 20    Defendant has cited no authority to support the major premise of its motion to dismiss: because the Plan reserved discretion in defendant in determining bonus awards, plaintiff is legally foreclosed from seeking a remedy based on a breach of the implied covenant of good faith and fair dealing for abuse of that discretion. In fact, case law is clear that the opposite principle may apply.

¶ 21    Where a party has full contractual discretion to deny an award or bonus, that "does not mean that [the party] is necessarily incapable of abusing that discretion." *Wilson v. Career Education Corp.*, 729 F.3d 665, 675 (7th Cir. 2013) (citing *Carrico v. Delp*, 141 Ill. App. 3d 684 (1986)). A plaintiff sustains a cause of action for breach of contract for abuse of discretion based on a violation of the implied covenant of good faith and fair dealing by alleging that defendant "exercised its discretion in a manner contrary to the reasonable expectations of the parties." *Wilson*, 729 F.3d at 673-76. An employer that exercised its contractual discretion in a manner inconsistent with the reasonable expectations of the parties to deprive an employee of reasonably anticipated benefits may have acted in bad faith. *Dayan v. McDonald's Corp.*, 125 Ill. App. 3d 972, 991 (1984).

¶ 22    Viewing the well-pled facts in the amended complaint and drawing reasonable inferences from them, the Plan was part of plaintiff's compensation package and McCleary reasonably expected that, if he worked for at least three months during 2012 and if he fulfilled the Plan's other qualifying conditions, and the company's financial goals were met, a bonus pool would be established, and he would receive a bonus. The Plan was legally enforceable and it would not be altered during his employment unless he was notified and allowed to participate in

discussing possible changes to the Plan. If, after working for at least three months, he left defendant's employ under certain qualifying circumstances, he would remain eligible for a pro-rata bonus from a later established bonus pool. Plaintiff's position was terminated in May (effective in July) under terms that did not disqualify him from the Plan and he failed to receive a bonus distribution while other similarly situated participants received bonus compensation. Stated differently, if defendant exercised its discretion properly, he too would have received a bonus. Plaintiff's claim is that defendant abused its discretion and took advantage of him by arbitrarily changing the length of service during the plan year to six months, rather than the stated three-month service, and he did not reasonably contemplate this when he entered the Plan. This was a retroactive change that was adverse to his reasonable expectation in violation of the Plan's provision. Given that the Plan provided for employee participation when amending the Plan, plaintiff claims he did not contemplate material adverse changes after his qualified termination and without his involvement. Plaintiff claims defendant breached their agreement because it did not exercise its discretion properly: denial of a bonus was either unreasonable or improperly motivated or arbitrary or capricious or inconsistent and not within the reasonable expectation of the parties. This failure of defendant, if proven, would establish a breach of agreement, a violation of the Act and unjust enrichment of defendant by retaining his earned bonus.

¶ 23    It is clear from defendant's motion and arguments on appeal that it draws a different inference from plaintiff's well-pled facts founded on its contention that the exercise of its discretion cannot be questioned or contested. The differences between the parties relate to matters of proof of the reasonable and proper exercise of discretion, not pleading. *Browning v. Heritage Insurance Co.*, 33 Ill. App. 3d 943, 946 (1975) (reasonable conduct is a question of fact for the jury). At this stage of the litigation, we are only concerned with matters of sufficient pleading, not matters of proof (*Schaffner v. 514 West Grant Place Condominium Ass'n*, 324 Ill. App. 3d 1033, 1044 (2001)). Furthermore, we are not permitted to consider factual issues in ruling on a motion to dismiss. *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 475 (1991) (a court cannot consider evidentiary matters outside of the complaint on a section 2-615 motion to dismiss); *Samansky v. Rush-Presbyterian-St. Luke's Medical Center*, 208 Ill. App. 3d 377, 383-84 (1990) (disputed questions of fact preclude dismissal of a complaint under section 2-619).

¶ 24    The purpose of pleadings is to present, define and narrow the issues and limit the proof needed at trial. *Golf Trust of America, L.P. v. Soat*, 355 Ill. App. 3d 333, 336 (2005); *People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill. 2d 300, 307 (1981). Pleadings are not intended to erect barriers to a trial on the merits but instead to remove them and facilitate trial. *People ex rel. Fahner*, 88 Ill. 2d at 307. The object of pleadings is to present a valid legal issue by one side and denied by the other so that a trial may determine the actual truth. *Id*. at 307-08. To this end, plaintiff has satisfactorily alleged a cause of action against defendant for breach of contract for abusing its contractual discretion, such that defendant should answer the amended complaint, conduct discovery and allow the parties to present their arguments before a trier of fact.

¶ 25    Defendant also argues that because the Plan's express terms provided that no participant was guaranteed a bonus, plaintiff can never state a cause of action for payment of that bonus and the complaint must be dismissed. Defendant cites several cases to support its position that because the Plan did not "guarantee" plaintiff a bonus and defendant had unfettered discretion

to determine a bonus amount, plaintiff cannot sustain a claim for breach of contract or violation of the Act. However, several of these cases are distinguishable because they involved matters decided on summary judgment and whether the plaintiffs produced sufficient evidence to support their claims. *McLaughlin v. Sternberg Lanterns, Inc.*, 395 Ill. App. 3d 536, 546 (2009) (summary judgment affirmed in favor of employer where the evidence did not support a finding that defendant acted in bad faith in terminating the plaintiff's employment for "substantial cause" and denying his bonus compensation on that basis); *Tatom v. Ameritech Corp.*, 305 F.3d 737 (7th Cir. 2002) (summary judgment affirmed where the evidence failed to established a breach of the duty of good faith and fair dealing). Other authorities defendant cites are unpublished federal district court decisions (*Brand v. Comcast Corp.*, No. 12 CV 1122, 2013 WL 1499008 (N.D. Ill. Apr. 11, 2013); *Carroll v. Merill Lynch*, No. 07 C 1575, 2011 WL 1838563 (N.D. Ill. May 13, 2011)), which have no precedential value before this court. See *County of Du Page v. Lake Street Spa, Inc.*, 395 Ill. App. 3d 110, 122 (2009).

¶ 26 Again, the core issue is whether plaintiff has pled a cause of action, not whether he has proven his claims. Where a plaintiff has pled that he had a reasonable expectation to a bonus from a defendant that abused its broad contractual discretion by arbitrarily withholding the bonus in a manner not reasonably anticipated by the parties at the time of contract formation, a valid cause of action has been sufficiently pled to withstand a section 2-615 motion to dismiss. See *Horwitz v. Sonnenschein Nath & Rosenthal, LLP*, 399 Ill. App. 3d 965 (2010).

¶ 27 Defendant also argues that plaintiff's claims to collect on the bonus cannot be pled or proven as a matter of law because he did not allege the specific amount owed to him under the Plan. Defendant is incorrect. Where an employer has discretion in determining a compensation award based on a compensation agreement which identifies factors to be considered in formulating that award, an allegation identifying those factors is specific enough to be actionable to survive a section 2-615 motion to dismiss. See *Horwitz*, 399 Ill. App. 3d at 976-78.

¶ 28 In the amended complaint plaintiff alleged the qualifying events, performance objectives and factors identified in the Plan used to determine whether and to what extent a participant would be included in the bonus pool. He alleged that the Plan provided a specific formula for the creation of a bonus pool for his division. While the dollar amount allocated to the pool for the distribution of bonuses was within the discretion of the plan administrator, an exhibit to the Plan set forth the formula used to derive the monetary amount of those bonuses. Specifically, those bonuses were to be "derived as a blended percentage of Pre-SBI NIBT (Net Income Before Tax before deducting for Salary, Benefits and Incentives) generated by the Fixed Income Sales and Trading Group." Here, plaintiff alleged that a 2012 bonus pool was created for plaintiff's sales and trading group and other similarly situated employees were paid bonuses using this formula. These allegations sufficiently assert plaintiff's claimed eligibility and entitlement to participate in the bonus pool and the extent of his bonus award is a factual question to be determined by the trier of fact. Therefore, under the principles of *Horowitz*, we find plaintiff sufficiently alleged the factors, criteria and formula for the formulation of his bonus, to survive the section 2-615 motion to dismiss.

¶ 29 Based on the above, we also find plaintiff sufficiently pled claims for violation of the Act and unjust enrichment to withstand the section 2-615 motion to dismiss. Claims for violation of the Act (820 ILCS 115/1 *et seq.* (West 2012)) are akin to breach of contract actions. *Soh v. Target Marketing Systems, Inc.*, 353 Ill. App. 3d 126, 129 (2004) (quoting *Doherty v. Kahn*,

289 Ill. App. 3d 544, 557-58 (1997)). To sufficiently plead a cause of action under the Act, the employee must allege that he is owed compensation pursuant to an employment contract or agreement between the two parties. *Landers-Scelfo v. Corporate Office Systems, Inc.*, 356 Ill. App. 3d 1060, 1067 (2005). To plead a cause of action for unjust enrichment, a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment and that retention violates the fundamental principles of justice, equity, and good conscience. *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill. 2d 145, 160 (1989). As discussed earlier, plaintiff alleged that he was owed a bonus because he met all qualifying events under the Plan, a bonus pool was created, other similarly situated employees in his group were awarded a bonus and defendant wrongfully denied and retained plaintiff's bonus.

¶ 30    In viewing the complaint in the light most favorable to plaintiff and taking the well-pled factual allegations as true, we find that plaintiff sufficiently alleged the existence of facts under which he may be entitled to recover and therefore survives dismissal of the amended complaint. The circuit court dismissed plaintiff's amended complaint in its entirety based on its finding that the defendant's "absolute discretion" under the Plan undermines plaintiff's claims. However, we find plaintiff has sufficiently pled that defendant abused its discretion by amending the Plan, after plaintiff satisfied all qualifying factors under the Plan and after defendant terminated his employment, in order to disqualify plaintiff's participation in the 2012 bonus pool and be awarded a prorated bonus. Whether defendant's decision was a reasonable exercise of its discretion is a question of fact to be resolved by the trier of fact and it should not have been resolved summarily on a section 2-615 motion to dismiss. *Supra* ¶ 25.

¶ 31                                    CONCLUSION

¶ 32    For the foregoing reasons, we reverse the judgment of the circuit court.

¶ 33    Reversed; cause remanded.