2015 IL App (1st) 150458

FIRST DIVISION
December 31, 2015

No. 1-15-0458


| GINA SPADONI, Individually and on Behalf of All Others Similarly Situated, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County, |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 14 CH 11119 |
| | ) | |
| UNITED AIRLINES, INC. a Delaware Corporation Formerly Known as Continental Airlines Inc., | ) | |
| | ) | Honorable |
| | ) | Kathleen G. Kennedy, |
| Defendant-Appellee. | ) | Judge Presiding. |


PRESIDING JUSTICE LIU delivered the judgment of the court, with opinion.
Justice Connors concurred in the judgment and opinion.
Justice Harris dissented, with opinion.


**OPINION**

¶ 1    Plaintiff, Gina Spadoni, appeals from the dismissal of her complaint against defendant, United Airlines, Inc. Plaintiff alleges that on September 21, 2013 she was a ticketed airline passenger on a United flight from Chicago, Illinois, to Los Angeles, California.  She checked one piece of baggage, paid the applicable fee for checked baggage, and received a baggage claim tag before boarding the plane. Upon arrival in Los Angeles, plaintiff discovered that her checked baggage did not arrive at the same time as her flight. She later learned that her baggage was not transported on the same flight as the one on which she traveled, but, instead, was transported on a subsequent passenger flight. On July 3, 2014, plaintiff filed a class action lawsuit against United for breach of contract. Subsequently, on January 15, 2015, the circuit court granted United's motion to dismiss the complaint, with prejudice.

¶ 2    On appeal, plaintiff contends that the circuit court erred in ruling, as a matter of law, that: (1) plaintiff's claim for breach of the implied covenant of good faith and fair dealing is preempted by the Airline Deregulation Act of 1978 (Act) (49 U.S.C. § 41713 (b)(1)), and (2) United did not breach its Contract of Carriage with plaintiff. Because we find that Illinois courts impose the implied covenant of good faith and fair dealing on all contracts, we hold, consistent with recent United States Supreme Court authority, that the claim for breach of the implied covenant is preempted by the Act. We therefore affirm the circuit court's dismissal.

¶ 3                                          BACKGROUND

¶ 4                                      A.  The Complaint

¶ 5    In her single-count complaint, plaintiff alleged that "United's transport of passengers and their baggage is subject to the terms and conditions of United's Contract of Carriage." Attached to her complaint is a copy of United's 46-page Contract of Carriage (revised on July 2013). Plaintiff alleged that United charges its domestic flight passengers a nonrefundable fee of $25 for the first piece of checked baggage, and that "[c]hecked baggage must conform to the weight and size requirements set forth in United's Contract of Carriage." Plaintiff further alleged that United also "offers air freight services to individuals and entities wishing to transport cargo," and while cargo transport "is a service United offers distinct from its transport of passengers and baggage," United transports the cargo along with checked baggage on passenger aircrafts. Purportedly, United's remuneration for transporting cargo is higher than that for transporting passenger baggage, and United will refund the fee to its cargo clients if cargo is not shipped as promised.

¶ 6    According to plaintiff, United has a duty, based on the terms and conditions set forth in the Contract of Carriage, to transport each passenger's checked baggage on the same aircraft as the passenger "unless such carriage is deemed impractical." She further alleged that it is practical

for United to transport passengers' checked baggage on the same aircraft as the passengers, "in place of the cargo that [is] transported on their aircraft." Instead, however, United allegedly removes passengers' checked baggage while permitting the cargo to remain on the aircraft, or loads the cargo in lieu of the passenger baggage, in order to meet aircraft weight restrictions established by the Federal Aviation Administration (FAA). As a result, plaintiff asserted, United breaches the Contract of Carriage when, while transporting cargo, it fails to carry baggage on the same aircraft as the passengers who own the baggage. As a result of these purported breaches, United's passengers—including plaintiff—have allegedly "suffered damages in the amount of their checked baggage fees, the time and money spent *** locating and obtaining the delayed baggage, and other economic damages."

¶ 7    Specific to her personal cause of action, plaintiff alleged that when she checked her baggage on September 21, 2013 for her flight, she "reasonably expected that United would transport her checked baggage on the same passenger aircraft." Despite her expectation, her checked baggage was transported on a subsequent passenger flight. Plaintiff alleged, upon information and belief, that prior to September 21, United had sold seats on the flight such that the estimated aircraft weight did not exceed the maximum weight permitted by FAA regulations. On the date of her flight, however, the weight of the aircraft approached, met, or exceeded the FAA maximum weight threshold before departure. According to plaintiff:

> "49.    It was practical, possible, and reasonable to transport Plaintiff's piece of checked baggage on the same aircraft as Plaintiff by removing pieces of cargo from the aircraft's cargo compartment in order to arrive at an acceptable aircraft weight.

50. However, upon information and belief, United preferentially shipped cargo, rather than Plaintiff's checked baggage, in the aircraft's cargo compartment."

¶ 8 Plaintiff sought to represent a class of "similarly situated individuals," defined as follows:

"All Illinois residents who purchased a ticket for carriage on a United flight, or on a flight of any predecessor corporation of United, since September 21, 2003, who paid a checked baggage fee and whose checked baggage was transported on an aircraft other than the aircraft on which the resident was transported, when cargo was transported on the passenger's aircraft and the passenger's aircraft was weight restricted."

¶ 9          B. The Contract of Carriage and Alleged Breach

¶ 10 The section of United's Contract of Carriage addressing passenger baggage provides, in relevant part, as follows:

"A. General Conditions of Acceptance – Passengers may check Baggage for carriage in the cargo compartment of the aircraft and/or may carry Baggage on board the aircraft subject to the provisions of this rule. [United] will accept Baggage subject to the following conditions:

* * *

8) Checked Baggage will generally be carried on the same aircraft as the Passenger unless such carriage is deemed impractical by carrier, in which event the carrier will make arrangements to transport the Baggage on the next flight on which space is available."

¶ 11 Plaintiff admitted in her allegations that the above provision "vests United with broad discretion in determining whether carriage of a passenger's checked baggage on the same aircraft

4

as the passenger is 'practical.' " Plaintiff alleged, however, that United has a duty to exercise this discretion in accordance with the implied covenant of good faith and fair dealing. Plaintiff further alleged that, upon information and belief, United has a policy of favoring cargo over passenger baggage that is arbitrary, capricious, improper, and inconsistent with passengers' reasonable expectations. According to plaintiff, United should, in accordance with its passengers' reasonable expectations, remove cargo before it removes passenger baggage when the weight of an aircraft exceeds the amount allowed under FAA regulations.

¶ 12    Plaintiff alleged that United breached its Contract of Carriage with plaintiff and other class members when it failed to transport their baggage on the same aircrafts on which they were passengers—something plaintiff alleged it was practical and possible for United to do—in order to make room for more lucrative cargo. As the circuit court noted, plaintiff's one-count complaint appears to articulate two bases for United's alleged breach: (1) a violation of the express terms of the contract, and (2) a violation of the implied covenant of good faith and fair dealing, as applied to the terms of the contract. First, plaintiff alleged that "United's failure to transport Plaintiff's and the Class Members' pieces of checked baggage on the same aircraft as Plaintiff and the Class Members, while transporting cargo on the aircraft, constitutes a breach of the Contract of Carriage." Second, plaintiff alleged that, "United's failure to exercise its discretion to carry Plaintiff's and the Class Members' checked baggage on the same aircraft as Plaintiff and the Class Members, while transporting cargo on the aircraft, constitutes a breach of United's implied duty of good faith and fair dealing under the Contract of Carriage."

¶ 13                              C.  The Motion to Dismiss

¶ 14    United filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2014)). Under the section 2-615 portion of

the motion, United argued that dismissal was proper because plaintiff failed to identify a provision in the contract prohibiting United's conduct and because its conduct was in fact expressly allowed under the contract. United also contended dismissal was proper because plaintiff sought only remedies excluded by the contract.

¶ 15    Under the section 2-619(a)(9) portion of the motion, United argued that plaintiff's claim based on breach of the implied covenant of good faith and fair dealing was preempted by the Act.  Specifically, United asserted that, in Illinois, the implied covenant of good faith and fair dealing impermissibly enlarges the contractual obligations adopted by the parties in contravention of the Act.

¶ 16    In response, plaintiff maintained that United breached its Contract of Carriage through its policy of systematically prioritizing cargo over checked passenger baggage, despite its contractual promise and the implied covenant of good faith and fair dealing included in every contract in Illinois.  Plaintiff characterized the checked baggage provision in United's Contract of Carriage as vague and ambiguous, and argued that it should be construed against the drafter, United in this case. With respect to damages permitted by the parties' agreement, plaintiff argued that she was entitled not only to economic damages under the Contract of Carriage—including compensation for the time and money spent locating and obtaining her baggage and obtaining replacement items—but, additionally, should be refunded her checked baggage fee, on the theory that United's concealment of material facts rendered the nonrefundable fee provision void. Finally, plaintiff argued that her state law claim for breach of the implied covenant of good faith and fair dealing should escape preemption because parties may expressly disavow the covenant in their contracts.  Accordingly, plaintiff argued that dismissal of her complaint was improper.

¶ 17    On January 15, 2015, the circuit court granted United's motion to dismiss plaintiff's

6

complaint, with prejudice. With respect to the first basis for a breach of contract, the court dismissed the complaint pursuant to section 2-615, holding that plaintiff failed to allege—and, indeed, *could not* allege—that, absent application of the implied covenant of good faith and fair dealing, United violated the express terms of the Contract of Carriage where those terms gave United sole discretion over whether to transport passengers with their checked baggage on the same aircraft. With respect to the second basis for a breach of contract, the court dismissed the complaint pursuant to section 2-619, holding that plaintiff's claim against United for breach of the implied covenant was preempted by the Act. The circuit court did not address United's argument relating to the remedies provided by the Contract of Carriage. On February 13, 2015, plaintiff timely appealed. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 18                                    ANALYSIS

¶ 19    Our review of an order granting a motion to dismiss pursuant to either section 2-615 or section 2-619 is *de novo*. *Freeman v. Williamson*, 383 Ill. App. 3d 933, 936 (2008).

¶ 20    "A motion to dismiss pursuant to section 2-615 of the Code [citation] attacks the sufficiency of a complaint and raises the question of whether the complaint states a claim upon which relief can be granted." *Burton v. Airborne Express, Inc.*, 367 Ill. App. 3d 1026, 1029 (2006). "The proper inquiry is whether the well-pleaded facts of the complaint, taken as true and construed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted." *Loman v. Freeman*, 229 Ill. 2d 104, 109 (2008). A cause of action should only be dismissed pursuant to section 2-615 where "it clearly appears that no set of facts can be proved which would entitle the plaintiff to relief." *Anixter Bros., Inc. v. Central Steel &*

*Wire Co.*, 123 Ill. App. 3d 947, 954 (1984).

¶ 21     "A motion to dismiss pursuant to section 2-619 of the Code [citation] admits the legal sufficiency of a plaintiff's complaint but raises defects, defenses, or other affirmative matters that appear on the complaint's face or that are established by external submissions acting to defeat the complaint's allegations." *Burton*, 367 Ill. App. 3d at 1029. The question on appeal is "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993).

¶ 22                                   A. Breach of the Contract's Express Terms

¶ 23     The circuit court reasonably interpreted plaintiff's complaint to allege two bases for a breach of the Contract of Carriage by United, one without regard to application of the implied covenant of good faith and fair dealing ("United's failure to transport Plaintiff's and the Class Members' pieces of checked baggage on the same aircraft as Plaintiff and the Class Members, while transporting cargo on the aircraft, constitutes a breach of the Contract of Carriage."), and one based on a violation of the implied covenant ("United's failure to exercise its discretion to carry Plaintiff's and the Class Members' checked baggage on the same aircraft as Plaintiff and the Class Members, while transporting cargo on the aircraft, constitutes a breach of United's implied duty of good faith and fair dealing under the Contract of Carriage."). Noting that Rule 23(A)(8) of the Contract of Carriage undisputedly gives United sole discretion in deciding when it is impractical to carry a passenger's baggage on the same aircraft as the passenger, the circuit court concluded that plaintiff did not sufficiently allege, nor could she, that United breached the express terms of the contract.

¶ 24     United urges us to find that plaintiff did not appeal any portion of the circuit court's

ruling regarding breach of the express terms of the Contract of Carriage and has therefore forfeited her ability to challenge this basis for dismissal. Plaintiff denies forfeiting any argument, but contends that she alleged only "a single cause of action: that United breached the Contract of Carriage by exercising its discretion in a manner inconsistent with the covenant of good faith that is implied into the parties' agreement." Plaintiff asserts that "any contention that the trial court dismissed a claim for breach of contract without consideration of United's duty of good faith has no bearing on the disposition of this case because that issue was not before the trial court." In either case, the issue of whether a breach occurred absent consideration of an implied duty is not properly before this court. We will therefore consider only whether the circuit court properly dismissed plaintiff's claim for breach of contract based on United's alleged violation of the implied covenant of good faith and fair dealing.

¶ 25                    B. Preemption of Claim Based on Implied Covenant

¶ 26    Plaintiff contends the circuit court erred in ruling that her claim based on United's alleged breach of implied covenant is preempted by the Airline Deregulation Act of 1978. Section 41713(b)(1) of the Act provides that states "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation [under the Act]." 49 U.S.C. § 41713(b)(1). Plaintiff conceded in the circuit court proceedings that "[t]here is no dispute that the carriage of checked baggage relates to a price, route, or service of an air carrier, within the meaning of the [Act]'s preemption provision." Plaintiff insists, however, that Illinois' implied covenant does not enlarge the duties voluntarily undertaken by the parties because it can be expressly disavowed. Instead, plaintiff contends the implied covenant serves merely as an aid for courts to construe contracts consistently with the parties' intent.  This is the primary disputed issue on appeal.

¶ 27    The Supreme Court has held that "[t]he [Act]'s preemption clause *** stops States from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated." *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 232-33 (1995). The distinction between what a state dictates and what an airline voluntarily undertakes thus confines courts in breach of contract actions to enforcing the "parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Id.* at 233. The Court recently considered whether a claim based on a violation of the implied covenant of good faith and fair dealing, as applied to contracts by state common law, is preempted by the Act. See *Northwest, Inc. v. Ginsberg,* 572 U.S. __, 134 S. Ct. 1422 (2014). In *Ginsberg*, the plaintiff brought suit against an airline, alleging the airline violated the Minnesota implied covenant of good faith and fair dealing. *Id.* at __, 134 S. Ct. at 1427. Recognizing that there is no "uniform understanding" among the states regarding the purpose and effect of the implied covenant, the Court declined to impose a blanket preemption on all claims depending on its application and, instead, held that preemption should be determined on a state-by-state basis. *Id.* at __, 134 S. Ct. at 1431. The Court found the Minnesota implied covenant claim was preempted because Minnesota does not permit contracting parties to waive the covenant in their contracts. *Id.* at __, 134 S. Ct. at 1432. It agreed that "a State's unwillingness to allow people to disclaim the obligation of good faith … shows that the obligation cannot be implied, but is law imposed." (Internal quotation marks omitted.) *Id.* at __, 134 S. Ct. at 1432.

¶ 28    Plaintiff argues that *Ginsberg* establishes a two-part test, such that the implied covenant will only be preempted if (1) the state does not allow contracting parties to expressly disavow the covenant, *and* (2) the covenant imposes external, policy-based obligations on the contracting

parties. We do not agree with this construction. The Court in *Ginsberg* plainly held that "[a] State's implied covenant rules will escape pre-emption *only if* the law of the relevant State permits an airline to contract around those rules *** and if an airline's agreement is governed by the law of such a State, the airline can specify that the agreement does not incorporate the covenant." (Emphasis added.) *Id.* at __, 134 S. Ct. at 1433. The Court provided an additional, independent basis for its holding, explaining that Minnesota law does not apply the covenant to employment contracts, such that its application in a given case depends on a state policy. *Id.* at __, 134 S. Ct. at 1432. We agree with United's construction of the holding in *Ginsberg*: an implied covenant claim will *always* be preempted if the covenant imposed by state common law cannot be expressly disavowed; even if the implied covenant can be disavowed, the claim will *still* be preempted if application of the covenant is based on a state policy.

¶ 29    Plaintiff believes that parties to a contract in Illinois may indeed expressly disavow the implied covenant. To support this contention, she relies on an handful of appellate court decisions (see *Chemical Bank v. Paul*, 244 Ill. App. 3d 772, 781 (1993); *Vincent v. Doebert*, 183 Ill. App. 3d 1081, 1090 (1989); *Prudential Insurance Co. of America v. Van Matre*, 158 Ill. App. 3d 298, 308 (1987)) reciting *dictum* from the 1981 opinion in *Foster Enterprises, Inc. v. Germania Federal Savings & Loan Ass'n*, 97 Ill. App. 3d 22, 28 (1981), which states that "a covenant of fair dealing and good faith is implied into every contract *absent express disavowal*." (Emphasis added.) None of the sources cited by the *Foster* court, however, mention this limitation on the covenant's application,[1] and the court provided no reasoning for its inclusion. Notably, although the language itself has been repeated as a purported "rule of law" without

---

[1]    For example, although the *Foster* court noted that "[t]his rule has been codified in the law of sales and negotiable instruments" (*Foster*, 97 Ill. App. 3d at 28), the applicable section, which has not changed since the court cited it, provides that "[e]very contract or duty within the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement." 810 ILCS 5/1-304 (West 2014).

comment over the years, the parties here were unable to identify, and we have likewise been unable to locate, a single Illinois case in which a court upheld an express disavowal of the implied covenant.[2]

¶ 30    Where our supreme court has had occasion to consider application of the covenant, moreover, it has consistently stated that it applies to "every contract." See, *e.g.*, *Martindell v. Lake Shore National Bank*, 15 Ill. 2d 272, 286 (1958) ("[e]very contract implies good faith and fair dealing between the parties to it"); *J&B Steel Contractors, Inc. v. C. Iber & Sons, Inc.*, 162 Ill. 2d 265, 278 (1994) ("[t]he exception arises from duties of good faith and fair dealing implied in every contract"); *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 524-25 (1996) (quoting *Martindell*, 15 Ill. 2d at 286). The ability of a contracting party to expressly disavow the implied covenant of good faith and fair dealing in Illinois, thus, appears to be wholly theoretical. Although the circuit court recited the language from *Foster*, it nevertheless recognized that "[b]ecause Illinois law implies this covenant into every contract[,] the obligation is not one that the parties voluntarily adopt." We agree.

¶ 31    Plaintiff additionally argues that—unlike Minnesota, which does not imply any similar or analogous covenant in employment contracts—Illinois does not apply public policy to determine whether the covenant will be implied in only certain types of contracts. As such, plaintiff urges us to find that the covenant "merely acts as a default rule of Illinois contract law for construing the parties' obligations under their agreement." Absent the ability to disavow the covenant, however, we do not view its application as a mere constructional aid to determine the parties' intent. To the contrary, it is imposed on every contracting party, regardless of their true intent.

¶ 32    In accordance with the Supreme Court's holding in *Ginsberg,* we find that plaintiff's

---

[2]    Plaintiff's counsel conceded at oral argument that he is aware of no Illinois case in which a party has expressly disavowed the covenant of good faith and fair dealing.

claim that United breached the Contract of Carriage, based on its alleged violation of the implied covenant of good faith and fair dealing, is preempted by the Act. The circuit court did not err in dismissing plaintiff's complaint with prejudice on this basis.

¶ 33                        C. Alternative Grounds for Dismissal

¶ 34    United urges us to affirm the circuit court's dismissal on several alternative grounds. Specifically, it contends that dismissal pursuant to section 2-615 was proper because plaintiff: (1) failed to state a claim for damages recoverable under the Contract of Carriage, (2) alleged the existence of United's policy favoring cargo and its application to her only on information and belief, and (3) failed to allege that United acted in contravention of the reasonable expectations of the parties. Although the issue of damages was fully briefed before the circuit court, the other two contentions were advanced by United only as undeveloped arguments in footnotes to its reply brief; the circuit court did not base its ruling on any of these alternative arguments. A reviewing court may affirm dismissal on any basis present in the record, even on grounds not ruled upon by the circuit court. *Sherman v. Township High School District 214*, 404 Ill. App. 3d 1101, 1109 (2010). Our supreme court has cautioned, however, that it is "inappropriate *** to affirm the trial court's dismissal of [a] plaintiff['s] complaint with prejudice on the basis of a correctable pleading defect not raised in the trial court." *Geaslen v. Berkson, Gorov & Levin, Ltd.*, 155 Ill. 2d 223, 230 (1993). See also *Taylor v. Trans Acceptance Corp.*, 267 Ill. App. 3d 562 (1994) (declining to affirm dismissal with prejudice on grounds not specified in the defendant's motion and not relied upon by the circuit court in its order); *Cutsinger v. Cullinan*, 72 Ill. App. 3d 527, 532-33 (1979) (same). Our sister court has further concluded that affirming dismissal on such grounds is inappropriate even where the pleading deficiencies were raised by the defendant in the circuit court but where those deficiencies did not form the basis of the circuit

court's order. See *Pease v. International Union of Operating Engineers Local 150*, 208 Ill. App. 3d 863, 876-77 (2d Dist. 1991). Because we affirm as a matter of law on grounds stated in the circuit court's order, we need not consider these alternative grounds for dismissal.

¶ 35                                                     CONCLUSION

¶ 36    For the reasons stated, we affirm the circuit court's order dismissing the complaint.

¶ 37    Affirmed.

¶ 38    JUSTICE HARRIS, dissenting.

¶ 39    I respectfully dissent.

¶ 40    I would find that Plaintiff adequately stated a claim for breach of contract against Defendant United Airlines.  I would find Plaintiff well pleaded that United abused its discretion and violated its contractual obligation to transport passenger baggage when it removed baggage from flights and/or prioritized carrying cargo over baggage in order to keep cargo fees which were refundable as opposed to checked baggage fees which were non-refundable.  I would also find Plaintiff's claim is not preempted by the Airline Deregulation Act of 1978 because it falls within the exception enunciated in *American Airlines, Inc. v. Wolens*, and reaffirmed in *Northwest, Inc. v. Ginsberg*.  Based on this, I would reverse the circuit court's order granting Defendant's Motion to Dismiss.

¶ 41    The circuit court erred in finding Plaintiff's complaint failed to state a cause of action for breach of contract and dismissed the complaint pursuant to Section 2-615.  735 ILCS 5/2-615 (West 2012).  When a defendant brings a motion to dismiss pursuant to Section 2-615, "[t]he proper inquiry is whether the well-pleaded facts of the complaint, taken as true and construed in

14

a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted." *Loman v. Freeman*, 229 Ill. 2d 104, 109 (2008). In conducting this inquiry, the complaint must be liberally construed in favor of the plaintiff. *Anixter Bros. Inc. v. Central Steel & Wire Co.*, 123 Ill. App. 3d 947, 953-954 (1984). Indeed, "a cause of action should not be dismissed unless it clearly appears that no set of facts can be proved which would entitle the plaintiff to relief." *Id.*

¶ 42 In order to state a claim for breach of contract, the plaintiff need only allege (1) the existence of a contract, (2) plaintiff performed any obligations, (3) the defendant breached its obligations, and (4) the plaintiff was damaged. *Shubert v. Federal Exp. Corp.*, 306 Ill. App. 3d 1056, 1059 (1999).

¶ 43 "Illinois courts have recognized that a party who does not properly exercise contractual discretion breaches the implied covenant of good faith and fair dealing that is in every contract." *Mid-West Energy Consultants, Inc. v. United Food & Commercial Workers Union Local 881*, 329 Ill. App. 3d 519, 527 (2002). "Where a contract specifically vests one of the parties with broad discretion in performing a term of the contract, the covenant of good faith and fair dealing requires that the discretion be exercised 'reasonably and with proper motive, not arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties.' " *Id.* quoting *Resolution Trust Corp. v. Holtzman*, 248 Ill. App. 3d 105, 112 (1993).

¶ 44 On a motion to dismiss, "[a] plaintiff sustains a cause of action for breach of contract for abuse of discretion based on a violation of the implied covenant of good faith and fair dealing by alleging that defendant 'exercised its discretion in a manner contrary to the reasonable expectations of the parties.' " *McCleary v. Wells Fargo Securities, L.L.C.*, 2015 IL App (1st) 141287, ¶ 21 (2015) citing *Wilson v. Career Education Corp.*, 729 F.3d 665, 673-676 (7th Cir.

2013). Further, alleging that a party "exercised its contractual discretion in a manner inconsistent with the reasonable expectations of the parties to deprive [the other party] of reasonably anticipated benefits" states a claim for relief. *Id.*

¶ 45 In granting Defendant's Motion to Dismiss pursuant to Section 2-615 of the Illinois Code of Civil Procedure the circuit court found Rule 23(A)(8) of the Contract of Carriage provides Defendant with sole discretion to deem carriage of Plaintiff's baggage on the same aircraft impractical. However, the circuit court erred in failing to recognize that a party having sole discretion does not allow that party to commit an abuse of that discretion. The error was further compounded by concluding that Defendant's motivation or reasoning in exercising that discretion is immaterial.

¶ 46 Taking all well-pled facts as true and in a light most favorable to Plaintiff, I find that the Complaint does allege a cause of action for breach of contract. Plaintiff alleges the existence of a contract, the Contract of Carriage, and that she performed her obligations pursuant to it by paying the required fee. Next, she alleges that defendant has broad contractual discretion in determining when it is and is not practical to carry checked baggage on the same flight as the owner. Then the Complaint alleges that Defendant breached the Contract of Carriage by failing to reasonably exercise that discretion by prioritizing transporting non-passenger cargo over transporting passengers' checked baggage on the same flight.

¶ 47 Plaintiff further alleges that Defendant, in carrying out its obligations under the Contract of Carriage, acted arbitrarily, capriciously, with an improper motive, and in a manner inconsistent with the reasonable expectations of the parties. Plaintiff further alleges that it was practical, possible, and reasonable to transport Plaintiff's checked baggage on the same aircraft she was departing by removing cargo from the aircraft's cargo compartment in order to arrive at

16

an acceptable aircraft weight. Instead, according to the Complaint, United preferentially shipped cargo, rather than Plaintiff's checked bag. The Complaint further alleges that while both passengers and freight shippers pay Defendant a fee, Defendant does not refund the baggage fee if the passenger's bag is not sent on the same aircraft but must refund the freight shippers fee if the cargo is not sent as booked. Based on this, it is alleged that Defendant prioritizes the carrying of cargo over checked baggage on the same flight as the passenger so as to reap the profits from non-refundable passenger checked bag fees.

¶ 48 Based on this Plaintiff alleges that Defendant's decision on whether to put a passenger's bag on the same flight is not based on practicality but on economics, *i.e.* what will be most profitable for Defendant. Finally, Plaintiff alleges the reasonable expectations of all of Defendant's passengers, including her, was that Defendant would not prioritize non-passenger freight over passenger baggage.

¶ 49 At the pleading stage and on ruling on a motion to dismiss, these well-pled allegations must be taken at true. Whether or not Plaintiff would be able to prove the allegations at trial does not matter at this stage. Accepting all these well-pled allegations as true, and construing all of their inferences in a light most favorable to the Plaintiff, I find that the Complaint does state a cause of action for breach of contract.

¶ 50 This conclusion is further supported by the fact the contract at issue is a classic contract of adhesion. *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 72 (1990) (adhesion contracts are those in which the parties are in a disparate bargaining position, and one party has no had in drafting the agreement, but rather, must "take it or leave it" as the other party has drafted). Contractual clauses which are part of a boilerplate agreement in a contract of adhesion have their significance greatly reduced because of the inequality in the parties' bargaining power.

*Id.* at 72. A contract of adhesion is not automatically unenforceable. However, where the terms are beyond the reasonable expectations of the adhering party or the contract is unduly oppressive or unconscionable under applicable principles of equity, the court may refuse to enforce it. Here, the Plaintiff well pleads her reasonable expectation that United would not prioritize non-passenger freight over passenger baggage. The Contract of Carriage does not identify to Plaintiff or any passenger in what circumstances defendant may deem carriage impractical thereby depriving them of any knowledge or any meaningful choice of when or even if the baggage will ever show up.[3]

¶ 51 On the most basic level, the circuit court's finding that Defendant can exercise complete discretion in deeming carriage impractical without regard to whether that discretion has been abused is contrary to the well established fundamental principles of contract law. "A contract, to be valid, must contain offer, acceptance, and consideration; to be enforceable, the agreement must also be sufficiently definite so that its terms are reasonably certain and able to be determined." *Halloran v. Dickerson*, 287 Ill. App. 3d 857, 867–68, (1997) citing *Ogle v. Hotto*, 273 Ill. App. 3d 313, 319 (1995). An illusory promise appears to be a promise, but on closer examination reveals that the promisor has not promised to do anything. *Papas v. City of Chicago*, 196 Ill. App. 3d 1057, 1061 (1990); Calamari and Perillo, Contracts, Section 4-17 (1977). An illusory promise is also defined as one in which the performance is optional. *Dasenbrock v. Interstate Restaurant Corp.*, 7 Ill. App. 3d 295, 302 (1972); Calamari and Perillo, Contracts, Section 4-17 (1977). Either way, it is not sufficient consideration to support a contract. See *Keefe v. Allied Home Mortg. Corp.*, 393 Ill. App. 3d 226, 230 (2009).

¶ 52 In this case, Plaintiff (or any passenger) agrees to pay a non-refundable fee in order to

---

[3] Even though the Contract of Carriage states "the carrier will make arrangements to transport the Baggage on the next flight on which space is available," defendant, based on its unlimited discretion, could deem carrying the baggage on the next flight impractical.

take a checked bag on a flight provided by Defendant. In exchange, Defendant agrees that "checked baggage will generally be carried on the same aircraft as the passenger unless such carriage is deemed impractical by carrier, in which event the carrier will make arrangements to transport the baggage on the next flight on which space is available." The circuit court concluded that such language grants Defendant complete discretion to determine when it is "impractical." However, in finding that Defendant has complete discretion to determine when it is or is not practical to take baggage without regard to whether there has been an abuse of discretion is error. In effect the circuit court renders Defendant's promise, its consideration, completely illusory. Defendant can deem everything and anything impractical under this reasoning. Such an outcome runs afoul of the well established principle that "courts give effect to all written instruments according to the ordinary, popular meaning of the terms employed when nothing appears to show they were used in a different sense and *no unreasonable or absurd consequence will result from doing so*." *Collins & Burgie Co. v. Silver*, 150 Ill. App. 430, 433 (1909) (emphasis added). The circuit court's conclusion creates an absurd result in that it allows Defendant to never breach the Contract of Carriage when it fails to transport a passenger's baggage.

¶ 53    The circuit court also erred in dismissing Plaintiff's complaint pursuant to Section 2-619(a)(9) of the Illinois Code of Civil Procedure after finding the claim preempted by the Airline Deregulation Act of 1978. 735 ILCS 5/2-619(a)(9) (West 2012). When ruling on the section 2–619(a)(9) motion, the court construes the pleadings "in the light most favorable to the nonmoving party" (*Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55), and should only grant the motion "if the plaintiff can prove no set of facts that would support a cause of action." *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 8. "If the defendant meets its initial burden of establishing an affirmative

defense, the burden then shifts to the plaintiff, who must establish that the affirmative matter asserted either is unfounded or requires the resolution of an essential element of material fact before it is proven." *Reynolds v. Jimmy John's Enterprise, LLC*, 2013 IL App (4th) 120139, ¶ 37 (citations omitted).

¶ 54    When the Supreme Court had an opportunity to address pre-emption under the Airline Deregulation Act of 1978 (ADA), the Court recognized that breach of contract claims are not pre-empted by the ADA because the "terms and conditions airlines offer and passengers accept are privately ordered obligations and thus do not amount to a State's 'enact[ment] or enfore[ment] [of] any law, rule, regulation, standard, or other provision having the force and effect of law' within the meaning of [the ADA pre-emption provision]." *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 228-229 (1995).

¶ 55    In *Northwest, Inc. v. Ginsberg*, the Supreme Court was faced with whether Ginsberg's claim for breach of the duty of good faith and fair dealing under Minnesota law was preempted by the ADA. The Court phrased the issue in determining whether the claim was preempted as follows: "whether [Ginsberg]'s implied covenant claim is based on a state-imposed obligation or simply one that the parties voluntarily undertook." *Ginsberg*, 134 S. Ct. 1422, 1431 (2014). Northwest argued all such claims were preempted, while Ginsberg argued that generally the claims were not preempted. *Id.* Disagreeing with both parties, the Court found "the reasoning of *Wolens* neither dooms nor spares all such claims." *Id.* The Court went on, "[o]f particular importance here, while some States are said to use the doctrine 'to effectuate the intentions of the parties or to protect their reasonable expectations,' other States clearly employ the doctrine to ensure that a party does not 'violate community standards of decency, fairness, and reasonableness.' " *Id.* (internal citation omitted).

20

¶ 56    The *Ginsberg* Court found that Minnesota's covenant of good faith and fair dealing was a state imposed obligation meant to ensure that a party does not violate community standards of decency, fairness, and reasonableness and was therefore preempted by the ADA. *Id.* at 1432. The Court based its conclusion that Minnesota's good faith and fair dealing was not simply meant to effectuate the intentions of the parties for two independent reasons: (1) Minnesota did not allow the parties to disclaim the covenant of good faith and fair dealing and (2) "when the application of the implied covenant depends on state policy, a breach of implied covenant claim cannot be viewed as simply an attempt to vindicate the parties' implicit understanding of the contract." *Id.* The Court found the second reason to be true because Minnesota implied the covenant into every contract except employment contracts. *Id.* The *Ginsberg* court stated, "[t]he exception for employment contracts is based, in significant part, on 'policy reasons' and therefore the decision not to exempt other types of contracts must be based on a policy determination, namely that the 'policy reasons' that support the rule for employment contracts do not apply (at lease with the same force) in other contexts." *Id.* (internal citation omitted).

¶ 57    However, after analyzing and concluding that Minnesota's version of the covenant of good faith and fair dealing was preempted by the ADA, the Court specifically rejected the proposition that all such covenants are preempted. *Id.* at 1433. The airlines warned that they would face a "baffling patchwork of rules, and the deregulatory air of the ADA would be frustrated." *Id.* In rejecting this plea, the Supreme Court responded, "[a] State's implied covenant rules will escape pre-emption only if the law of the relevant State permits an airline to contract around those rules in its frequent flyer program agreement, and if an airline's agreement is governed by the law of such a State, the airline can specify that the agreement does not incorporate the covenant." *Id.*

¶ 58    Based on *Ginsberg*, the majority finds that Plaintiff's breach of contract claim is preempted. I would find Plaintiff's claim falls into the exception first recognized in *Wolens* and reaffirmed in *Ginsberg*. The majority's decision is contrary to law and effectively forecloses the preemption exception recognized and reaffirmed by the Supreme Court in *Ginsberg*.

¶ 59    Unlike Minnesota law at issue in *Ginsberg*, Illinois law does not recognize an independent cause of action for breach of implied duty of good faith and fair dealing in a contract.[4] See *Voyles v. Sandia Mortgage Corp.*, 196 Ill. 2d 288, 295 (2001) (listing cases where Illinois courts have rejected attempts to recognize an independent cause of action for breach of the implied duty of good faith and fair dealing); *Northern Trust Co. v. VIII South Michigan Associates,* 276 Ill. App. 3d 355, 367 (1995) ("[a]lthough the covenant of good faith and fair dealing is used as an aid in construing a contract, it does not form the basis of an independent tort recognized in Illinois."); *McCleary v. Wells Fargo Securities, L.L.C.*, 2015 IL App (1st) 141287, ¶21 (finding that a plaintiff sustains a cause of action for breach of contract for abuse of discretion based on a violation of the implied covenant of good faith and fair dealing by alleging a defendant exercised its discretion in a manner contrary to the reasonable expectations of the parties).

¶ 60    Under Illinois law, the covenant of good faith and fair dealing is incorporated into every contract, however, it is most accurately characterized as a rule of construction utilized by Illinois courts to interpret the parties' agreement. *Northern Trust Co.*, 276 Ill. App. 3d at 367; *McCleary*, 2015 IL App (1st) 141287, ¶ 19. As the court stated in *Resolution Trust Corp. v. Holtzman*, "[w]hile this obligation exists in every contract in Illinois, it is essentially used as a construction aid in determining the intent of the parties where an instrument is susceptible of two conflicting

---

[4] The plaintiff in *Ginsberg* brought four claims: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) negligent misrepresentation; and (4) intentional misrepresentation. *Ginsberg*, 134 S. Ct. at 1427. Here, Plaintiff has brought one count for breach of contract.

constructions." 248 Ill. App. 3d 105, 112 (1993). Accordingly, I reject United's contention that somehow a claim for breach of contract based on a violation of the covenant of good faith and fair dealing somehow enlarges the contractual obligations of the parties under Illinois law.

¶ 61 The reasoning in *Northern Trust*, *McCleary*, and *Holtzman* that the covenant of good faith and fair dealing is a rule of construction can be traced back at least fifty years to the Illinois supreme court case of *Martindell v. Lake Shore Nat. Bank*. 15 Ill. 2d 272 (1958). In that case, the court was confronted with a clause in a contract with each party arguing that the court should adopt that party's respective position. The court found that pursuant to the covenant of good faith and fair dealing implied into every contract, "where an instrument is susceptible of two conflicting constructions, one which imputes bad faith to one of the parties and the other does not, the latter construction should be adopted." *Martindell*, 15 Ill. 2d at 286. Thus, the Martindell court construed the contested provision in a manner that did not impute bad faith on either party. *Id.* at 286-287. Accordingly, under Illinois law the implied covenant of good faith and fair dealing is meant "to effectuate the intentions of the parties or to protect their reasonable expectations," and not meant to "impose community standards of decency, fairness, and reasonableness." *Ginsberg*, 134 S. Ct. at 1431; *McCleary*, 2015 IL App (1st) 141287, ¶21.

¶ 62 Despite the majority's conclusion to the contrary, Illinois law expressly provides for contracting parties to expressly disavow the covenant of good faith and fair dealing. *Foster Enterprises, Inc. v. Germania Federal Savings & Loan Ass'n*, 97 Ill. App. 3d 22, 28 (1981) ("[t]here can not [*sic*] be any doubt that a covenant of fair dealing and good faith is implied into every contract absent express disavow[a]l."); *Chem. Bank v. Paul*, 244 Ill. App. 3d 772, 781 (1993); *Vincent v. Doebert*, 183 Ill. App. 3d 1081, 1090 (1989); *Prudential Ins. Co. of Am. v. Van Matre*, 158 Ill. App. 3d 298, 308 (1987).

¶ 63    The majority concludes that the ability to waive the implied covenant of good faith and fair dealing in Illinois is entirely theoretical because no court has upheld an express disavowal of the implied covenant.  There may very well be good reason such a case has never been heard in Illinois; no party has ever agreed to a contract where the implied covenant is disclaimed.  As the Supreme Court stated in *Ginsberg*, "[w]hile the inclusion of such a provision [disclaiming the covenant of good faith and fair dealing] may impose transaction costs and presumably would not enhance the attractiveness of the program, an airline can decide whether the benefits of such a provision are worth the potential costs."  *Ginsberg*, 134 S. Ct. at 1433.  Obviously, no parties in Illinois have ever decided the benefits of including a provision waiving the covenant is worth the cost.  When transporting a passenger's baggage, if Defendant wishes to have the ability to act solely by means most advantageous and profitable to them without adhering to any abuse of discretion standard, it should put such language in the Contract of Carriage.

¶ 64    Furthermore, the majority's decision finding the covenant of good faith and fair dealing not waivable runs afoul of the doctrine of *stare decisis*.  The doctrine of *stare decisis* expresses the policy of the court to adhere to precedent and settled points of law "so that the law will not change erratically, but will develop in a principled, intelligible fashion."  *People v. Colon*, 225 Ill.2d 125, 145-46.  The doctrine is not an inexorable command, however, and where good cause or compelling reasons justify departing from precedent we will do so.  I do not find that standard met here and would continue with the precedent that under Illinois law the implied covenant of good faith and fair dealing can be expressly disavowed.

¶ 65    The majority's decision is contrary to the Supreme Court decision in *Ginsburg* and Illinois contract law.  The implied covenant of good faith and fair dealing does not enlarge the duties of either party, but instead is utilized by the courts of this state to effectuate the intentions

24

of the party or to protect their reasonable interests. Accordingly, Plaintiff's breach of contract claim is not preempted.

¶ 66    I find Plaintiff's complaint states a cause of action for breach of contract and that it is not preempted by the Airline Deregulation Act of 1978. Accordingly, I would reverse and remand for further proceedings.