2021 IL App (2d) 200653-U
No. 2-20-0653
Order filed June 28, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| SHARAREH SARIRI, a/k/a Shari Sariri and SHAWHEEN SARIRI, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 20-SC-509 |
| GREGORY C. NIKITAS, | ) ) ) | |
| Defendant-Appellee | ) ) | Honorable |
| (Sharareh Sariri, a/k/a Shari Sariri, Plaintiff-Appellant.) | ) ) | Michael B. Betar, Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Presiding Justice Bridges and Justice Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff challenged on appeal the directed finding in favor of defendant on plaintiff's claim for breach of a retainer agreement, but the incomplete record that plaintiff provided did not establish any error in the trial court's findings that plaintiff did not provide the retainer, was not a party to the retainer agreement, and was not a direct beneficiary of the agreement.

¶ 2    Plaintiffs, Sharareh Sariri, a/k/a Shari Sariri, and her son, Shawheen Sariri, filed a *pro se*

small-claims complaint against defendant, Gregory C. Nikitas, an attorney, seeking the return of

attorney fees that defendant had received for representing Sharareh's son, Shawheen Sariri.[1] At a bench trial, the trial court granted defendant's motion for a finding in his favor at the close of plaintiffs' evidence (directed finding) (see 735 ILCS 5/2-1110 (West 2018)). Sharareh appeals *pro se*. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Sharareh and Shawheen's complaint alleged that, on March 18, 2019, defendant was hired to represent Shawheen; that defendant was later fired for poor performance; and that they were owed a refund of some portion of the attorney fees paid defendant for representing Shawheen.

¶ 5      Included in the record, apparently as attachments to the complaint, are several documents that were later admitted as exhibits at trial. By an e-mail dated March 19, 2019, defendant informed Sharareh and Shawheen that he wanted a $4500 retainer. Later that day, he e-mailed them the proposed retainer agreement. By an e-mail on March 20, 2019, Sharareh responded that Gus Sariri, her ex-husband and Shawheen's father, might not go along. The retainer agreement is not in the record. However, by a letter dated July 29, 2019, Sharareh told defendant that the agreement was for $4000 but, in court on April 3, 2019, defendant demanded a total of $12,500 and pressured Shawheen into accepting the increase. Sharareh requested a refund of $8500.

¶ 6      The cause proceeded to a bench trial. In addition to the noted exhibits, the court also received a copy of Shawheen's bail bond agreement, dated March 21, 2019. According to the document, a bond of $25,000 had been deposited. The court also heard Sharareh's evidence.

---

[1] Although Shawheen's name appeared on the small-claims complaint, it appears from the limited record that Sharareh did all of the actual litigating against defendant.

However, there is no transcript or bystander's report of the trial and no agreed statement of facts (see Ill. S. Ct. R. 323 (eff. July 1, 2017). In granting defendant a directed finding, the court stated:

> "[Sharareh] testified that the $25,000.00 in bond money came from [Gus], so [that] the source of the funds were [*sic*] from [Gus]. [Sharareh] testified *** that if there had been money from the bond provided by [Gus] left over from the resolution of this case, and upon Defendant being paid in full, then that money would have gone back to [Gus], or toward [Shawheen's] housing. The funds were provided for the benefit of [Shawheen] for his bond and for his attorney's fees. So therefore, [Sharareh] has suffered no damage. The proper Plaintiff would have been [Gus] or [Shawheen], because the source of the funds was not [Sharareh], nor were the funds intended for her benefit."

¶ 7    Sharareh timely appealed *pro se*.

¶ 8                                    II. ANALYSIS

¶ 9    On appeal, Sharareh contends that the trial court's judgment was erroneous because she was a third-party beneficiary of the contract that defendant entered into with Gus and Shawheen. Shawheen has not appealed, and the rights of only Sharareh are at issue here.

¶ 10   Defendant has not filed an appellee's brief, but we may decide this simple case without the aid of an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 11   We also note that, as the appellant, Sharareh had the burden to produce a record sufficiently complete to support her claim of error, and any uncertainty arising from the incompleteness of the record must be resolved in favor of the judgment. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). The judgment was based on the evidence at the hearing. The record contains the exhibits but no report of the testimony that the trial court heard.

¶ 12     In ruling on a defendant's motion for a directed finding, the trial court must first determine, as a matter of law, whether the plaintiff has made a *prima facie* case; if the court decides that the plaintiff has not done so, it should grant the motion. *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 275 (2003). On appeal, the judgment is reviewed *de novo*. *Id.* If the court finds that the plaintiff has made a *prima facie* case, it must weigh the evidence and decide whether the *prima facie* case has been negated; if so, then the court should grant the motion. *Id.* at 275-76. On appeal, the judgment must be affirmed unless it is against the manifest weight of the evidence. *Id.* at 276.

¶ 13     Here, it appears that the trial court found that there was no *prima facie* case. The court found that Sharareh had suffered no legal injury because the retainer agreement was between defendant and other parties who supplied all of the fees at issue. The court found that Sharareh was not a party to the contract, or at the very least, that she suffered no damages. The limited record on appeal, which does not include either the written retainer agreement or any of the trial testimony, in no way undermines this conclusion. As both a contract between the parties and the existence of damages are essential to a claim of breach of contract (*McCleary v. Wells Fargo Security, L.L.C.*, 2015 IL App (1st) 141287, ¶ 19), Sharareh did not make a *prima facie* case.

¶ 14     Having found that Sharareh was not a party to the retainer agreement, the court then held that she could recover, if at all, only as an intended beneficiary of the contract—but that the funds provided by others were not intended for her benefit. This is indeed the sole pertinent ground on which she now challenges the judgment. However, aside from the lack of damages, only noncontracting parties who are direct beneficiaries of a contract may sue under it. *Barry v. St. Mary's Hospital Decatur*, 2016 IL App (4th) 150961, ¶ 82. It is not sufficient that the noncontracting party will reap incidental benefits from the contract. *Id.*

¶ 15    Here, the record does not contain the retainer agreement and we thus presume that it supports the judgment (*Foutch*, 99 Ill. 2d at 392).  There is no evidence to establish that Sharareh was more than an incidental beneficiary of the contract, however much that incidental benefit meant to her subjectively.  Thus, her argument on appeal fails.

¶ 16                                         III. CONCLUSION

¶ 17    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 18    Affirmed.